# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| DARYL LOWRY, | Case No. 09cv1081 BTM (WVG) |
|---|---|
| Plaintiff, | **ORDER RE MOTIONS TO DISMISS** |
| v. | |
| METROPOLITAN TRANSIT, | |
| Defendant. | |

Defendant Metropolitan Transit System ("MTS") (erroneously sued as Metropolitan Transit) has moved to dismiss the First Amended Complaint [Doc. 20]. Defendant Heritage Security Services (erroneously sued as Heritage Security) has also filed a motion to dismiss [Doc. 22]. For the following reasons, the Court **GRANTS** MTS's motion, and **GRANTS in part** and **DENIES in part** Heritage's motion.

## I. BACKGROUND

Plaintiff alleges violations of his constitutional rights and several state-law causes of action based on an alleged fight he had with security officers on a trolley near the Old Town Transit Center in San Diego. The Court more thoroughly discussed the facts of this case in an order dated March 8, 2010 [Doc. 17]. That order dismissed several of Plaintiff's claims with leave to amend. Plaintiff has filed a First Amended Complaint ("FAC"). The Court resolves the issues raised in the parties' motions as set forth below.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). But only factual allegations must be accepted as true—not legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Although detailed factual allegations are not required, the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Furthermore, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1949.

## III. DISCUSSION

### 1. Constitutional Claims

As discussed in the Court's March 8, 2010 order, Plaintiff appears to allege a claim under 42 U.S.C. § 1983.[1] But Defendants MTS and Heritage can only be liable under § 1983 if the violation was the result of either a policy or a failure to train their employees. *See Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). Plaintiff alleges neither.

The closest Plaintiff comes to alleging a policy or failure to train is this: "Defendants have intentionally or unintentionally conspired with each other, together as individuals, or collectively, to past, present and into the future to violate the civil right of the Plaintiff, under color of law by their past, present and future unguided by any known policies with regard to

---

[1] Plaintiff also mentions the Eighth Amendment, but alleges no facts supporting a claim under this amendment.

the enforcement of the peace and/or law enforcement." Although this sentence mentions policies, it does not allege how those policies led to his injuries, or that MTS failed to train its employees. He also alleges that the "trolley security is made up people that don't know what there doing." This allegation is too vague and fails to support his constitutional claims.

The constitutional claims against MTS and Heritage are **DISMISSED without prejudice**. Because Plaintiff has successfully pled in a related case that policies and a failure to train led to his injuries, the Court grants him leave to amend.

Plaintiff also alleges a "de facto government civil conspiracy to violate civil rights." This claim is unintelligible, devoid of facts, and the Court **DISMISSES** it without prejudice with leave to amend.

### 2. Plaintiff's State Law Claims Against MTS

Plaintiff again fails to show compliance with the California Government Claims Act ("CGCA"). Under the CGCA, a Plaintiff must first present a written claim to a public entity and wait for the board to act upon it before bringing a claim for money or damages against that public entity. Cal. Gov. Code § 945.4. A plaintiff's failure to plead compliance with this requirement of the CGCA is cause for dismissal. *See Karim-Panahi*, 839 F.2d 621, 627 (9th Cir. 1988). Plaintiff already had a chance to cure this deficiency and he did not. All of Plaintiff's state-law claims against MTS are **DISMISSED without prejudice** without leave to amend for failure to allege compliance with the CGCA. *Chappel*, 232 F.3d at 725–26.

### 3. Plaintiff's State Law Claims Against Heritage

A.  <u>Perjury</u>

The Court has already dismissed this claim with prejudice because under California law, there is no civil cause of action for perjury; it is a criminal offense. *Temple Cmty. Hosp. v. Superior Court*, 20 Cal. 4th 464, 472 (1999).

Heritage does not move to dismiss any of the other state-law claims.

### 4. Motions for a More Definite Statement

MTS and Heritage have also moved for a more definite statement. The Court **DENIES** those motions, as Plaintiff's surviving state-law claims are not "so vague or ambiguous that [they] cannot prepare a response." Fed. R. Civ. P. 12(e). The factual allegations supporting his state-law claims are reasonably specific and detailed, and give Defendants sufficient notice of the nature of Plaintiff's claims.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** MTS's motion to dismiss in its entirety [Doc. 20]. The state-law claims against MTS are **DISMISSED without prejudice** and without leave to amend, and the § 1983 claim is **DISMISSED without prejudice** and with leave to amend**.** The Court **GRANTS in part** and **DENIES in part** Heritage's motion to dismiss [Doc. 22]. The Court **DISMISSES with prejudice** the perjury claim, and **DISMISSES without prejudice** and with leave to amend the § 1983 claim against Heritage. The motions for a more definite statement are **DENIED.**

Plaintiff has leave to amend the § 1983 claim only. He must file his Second Amended Complaint within fourteen days of the issuance of this order. He may re-plead the state causes of action other than the perjury claim. Any claim not pled shall be deemed waived. This is Plaintiff's last chance to plead this case, and any claims pled in the Second Amended Complaint that are deficient shall be dismissed with no leave to amend. Therefore, the Court encourages Plaintiff to read the orders in this case carefully.

**IT IS SO ORDERED.**

DATED: June 16, 2010

Honorable Barry Ted Moskowitz
United States District Judge