# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| DARYL LOWRY, | Case No. 09cv1081 BTM (WVG) |
|---|---|
| Plaintiff, | **ORDER RE MOTIONS TO DISMISS** |
| v. | |
| METROPOLITAN TRANSIT, HERITAGE SECURITY, and DOES 1–3 | |
| Defendant. | |

Defendant Metropolitan Transit System ("MTS") (erroneously sued as Metropolitan Transit) has moved to dismiss the Second Amended Complaint [Doc. 31]. Defendant Heritage Security Services (erroneously sued as Heritage Security) has also filed a motion to dismiss [Doc. 32]. For the following reasons, the Court **GRANTS** both motions.

## I. BACKGROUND

Plaintiff alleges violations of his constitutional rights and several state-law causes of action based on an alleged fight he had with security officers on a trolley near the Old Town Transit Center in San Diego. The Court more thoroughly discussed the facts of this case in an order dated March 8, 2010 [Doc. 17]. That order dismissed several of Plaintiff's claims with leave to amend. Plaintiff filed a First Amended Complaint, which the Court dismissed in part, and now Plaintiff has filed a Second Amended Complaint ("FAC"). The Court resolves the issues raised in the parties' motions as set forth below.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). But only factual allegations must be accepted as true—not legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Although detailed factual allegations are not required, the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Furthermore, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1949.

## III. DISCUSSION

### 1. Constitutional Claims

As discussed in the Court's March 8, 2010 order, Plaintiff appears to allege a claim under 42 U.S.C. § 1983.[1] But Defendants MTS and Heritage can only be liable under § 1983 if the violation was the result of either a policy or a failure to train their employees. *See Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). Plaintiff alleges neither.

The closest Plaintiff comes to alleging a policy or failure to train is this: "Defendants have intentionally or unintentionally conspired with each other, together as individuals, or collectively, to past, present and into the future to violate the civil right of the Plaintiff, under color of law by their past, present and future unguided by any known policies with regard to

---

[1] Plaintiff also mentions the Eighth Amendment, but alleges no facts supporting a claim under this amendment.

the enforcement of the peace and/or law enforcement." Although this sentence mentions policies, it does not allege how those policies led to his injuries, or that MTS failed to train its employees. He also alleges that the "trolley security is made up people that don't know what there doing." This allegation is too vague and fails to support his constitutional claims.

The constitutional claims against MTS and Heritage are **DISMISSED without prejudice**. The Court has already given Plaintiff an opportunity to plead a violative policy or failure to train, but Plaintiff has not done so. The Court therefore denies leave to amend.

Plaintiff also alleges a "de facto government civil conspiracy to violate civil rights." This claim is unintelligible, devoid of facts, and the Court **DISMISSES** it without prejudice. The Court has already dismissed this claim on the same grounds, so the Court denies leave to amend this claim as well.

There are no remaining federal claims in this case, and the Court therefore declines to exercise supplemental jurisdiction over the state-law claims. *See* 28 U.S.C. § 1367(c)(3). The Court warned Plaintiff that this was his last chance to plead a constitutional claim, but Plaintiff failed to do so. Plaintiff has named Does 1–3 as Defendants, but Plaintiff has not served them within 120 days of filing his complaint and the Court therefore **DISMISSES** the Doe Defendants. *See* Fed. R. Civ. P. 4(m); *Chadwick v. San Diego Police Dep't*, No. 09cv946, 2010 WL 883839, at *7 (S.D. Cal. Mar. 8, 2010) (dismissing Doe defendant for failure to serve under Rule 4(m)). The Court therefore **DISMISSES without prejudice** the Second Amended Complaint. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: August 31, 2010

Honorable Barry Ted Moskowitz
United States District Judge